United States District Court
Southern District of Texas
**ENTERED**
March 26, 2024
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ADAEL GONZALEX GARCIA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:23-CV-0542 |
| | § | |
| HARRIS COUNTY TEXAS, | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendant's Motion to Dismiss Original Complaint (ECF 7) and Defendant's Motion to Dismiss Plaintiff's Amended Complaint (ECF 13).[1]  Having considered the parties' submissions and the law, the Court **GRANTS** Defendant's Motions to Dismiss and dismisses this case with prejudice.

## I.  Background

Plaintiff Adael Gonzalez Garcia ("Plaintiff") filed this suit against Defendant Harris County, Texas ("Defendant") on February 14, 2023.  ECF 1.  After Defendant filed a Motion to Dismiss, Plaintiff filed a slightly modified First Amended Original

---

[1] The parties consented to proceed before the Undersigned Magistrate Judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.  ECF 17; ECF 38.

Complaint on May 23, 2023. ECF 12. Plaintiff alleges in his First Amended Original Complaint that on or around November 25, 2022, while at the Harris County Jail, he "fell from his cell bunk and was taken to the jail clinic for examination." ECF 12, ¶ 7. Plaintiff further alleges that on November 26, 2022, one or more jail guards assaulted Plaintiff while he was being escorted back to his cell from the clinic. *Id.* ¶ 8. The assault caused "injury to [Plaintiff's] head, neck, eye, and other area," and required him to be rushed to the hospital in a coma and required brain surgery. *Id.* ¶¶ 8-10. No guard was injured, no guard was charged with a crime, and no guard has been disciplined. *Id.* ¶¶ 9, 13. According to Plaintiff, multiple other assaults have occurred at the Harris County Jail. *Id.* at ¶¶ 14-29.

As an initial matter, Plaintiff's First Amended Original Complaint cites Title II of the Americans with Disabilities Act ('ADA'), the Americans with Disabilities Act Amendments Act, 42 U.S.C. § 12131, *et seq.*, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ('Rehabilitation Act')" as part of the jurisdictional basis for the suit. ECF 12 ¶ 1. The Court construes this jurisdictional recitation to be inadvertently overbroad because there are no allegations in the pleading to support any claim other than a claim against Harris County for constitutional violations pursuant to 42 U.S.C. § 1983. *See* ECF 12. In addition, Plaintiff did not brief in his Response any claim other than his § 1983 claim against Harris County. Thus, to the extent the jurisdictional allegations could be interpreted

2

to assert claims under the ADA or Rehabilitation Act those claims are DISMISSED WITH PREJUDICE, both for failure to state a claim and because they have been waived. *See Vazquez v. Aguilera*, No. 5:19-CV-117, 2022 WL 2292888, at *4 (S.D. Tex. Mar. 25, 2022) (citing cases explaining that generally the failure to brief an argument in the district court waives the argument).

Meanwhile, Plaintiff alleges violations of 42 U.S.C. § 1983 by Harris County based on Harris County's (i) having a pattern and practice of guards assaulting inmates; (ii) failing to investigate excessive force; (iii) failing to discipline excessive force; (iv) failing to train and supervise officers in the use of force; (v) failing to have adequate staff; (vi) failing to adequately fund the jail; (vii) failing to keep the inmate population at a level appropriate for inmate safety; (viii) failing to provide body and dash cameras to lawyers to decrease the number of inmates in the jail [sic]; and (ix) failing to perform IAD investigations if criminal charges are pending against an inmate. ECF 12 ¶ 35. Defendant's Motion seeks dismissal of all claims asserted in Plaintiff's First Amended Complaint.[2] ECF 7; ECF 13. The Motion has been fully briefed and is ripe for determination. ECF 19; ECF 20.

## II.    Rule 12(b)(6) Standards

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough

---

[2] Because the second Motion to Dismiss (13) merely incorporates the first Motion to Dismiss in its entirety, citations in this Order are to the initial Motion to Dismiss (ECF 7).

facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 48 F.3d 68, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the presumption of truth to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion. If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment. *See* FED. R. CIV. PRO. 12(d). However, the court may take judicial notice of public documents, and may also consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents are referenced in the plaintiff's complaint and central to the plaintiffs' claims. *See Norris v. Hearst Trust,* 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1

(N.D. Tex. 2011).   Defendant argues that Plaintiff's First Amended Original Complaint improperly includes news articles and videos that are hearsay, allegations from other lawsuits that are not fact, and politician's unsworn statements.  ECF 7 at 8-9.  The Court does not consider Defendant's evidentiary objections in the context of this Motion to Dismiss.

### III.    Analysis

Defendant argues that its Motion to Dismiss under Rule 12(b)(6) for failure to state a claim under 42 U.S.C. § 1983 should be granted because:  (A) Plaintiff fails to allege a cognizable claim for a violation of his constitutional rights under the First, Fourth and Fifth Amendments; and (B) his Fourteenth Amendment claim fails to meet the requirements for municipal liability set forth in *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658.  *See* ECF 7.  In Response, Plaintiff contends he has met the requirements of *Monell* for pleading a plausible §1983 claim against Harris County by alleging widespread County practices that violate constitutional rights and Harris County's ratification of those practices.  *See* ECF 19.

### A.    Plaintiff's § 1983 claims alleging violations of his First, Fourth, and Fifth Amendment rights should be dismissed.

Plaintiff alleges Harris County is liable under § 1983 for violation of his constitutional rights under the First, Fourth, Fifth, and Fourteenth Amendments. ECF 12 ¶¶ 34, 37, 39.  As discussed below, Plaintiff cannot state a claim for relief under § 1983 for a violation of his First, Fourth, or Fifth Amendment rights.

### 1.  Plaintiff cannot state a First Amendment Claim.

Plaintiff makes only passing, conclusory reference to the First Amendment. ECF 12 ¶ 39 (alleging failures to train and supervise violated Plaintiff's rights under the First, Fourth, and Fourteenth Amendments); ¶ 41 (alleging Defendant's acts constitute a violation of the First, Fourth, and Fourteenth Amendments).  As Defendant notes, the First Amended Original Complaint alleges absolutely no facts to support a First Amendment violation.  ECF 7 at 7 n.1 (stating that Plaintiff's allegations of a violation of the First Amendment are nothing more than "naked assertions devoid of further factual enhancement," citing *Iqbal*, 556 U.S. at 678). Whether Plaintiff's reference to First Amendment rights is intentional or inadvertent, the Court finds that no factual allegations support such a claim, and nothing in the First Amended Original Complaint implicates the First Amendment in any way. Therefore, any claim based on a violation of Plaintiff's First Amendment rights is DISMISSED.

### 2.  Plaintiff cannot state a Fourth Amendment Claim.

The Fourth Amendment provides constitutional protection against unreasonable searches and seizures.  It does not, however, provide a constitutional basis for excessive force claims by pre-trial detainees—individuals who, well after arrest, are being held in custody while awaiting trial. *Valencia v. Wiggins*, 981 F.2d 1440, 1444 (5th Cir. 1993) (holding that where the incidents of arrest have long since

been completed and the individual is held in pre-trial detention, the Due Process Clause, not the Fourth Amendment, provides the appropriate constitutional basis for determining whether force used against the pretrial detainee was excessive). Because the Fourth Amendment does not apply in the context of pretrial detention, Plaintiff cannot state a § 1983 claim for a violation of his Fourth Amendment rights. Therefore, any claim based on a violation of Plaintiff's Fourth Amendment rights is DISMISSED.

### 3. Plaintiff cannot state a Fifth Amendment Claim.

The Fifth Amendment only applies to violations of Constitutional rights by the United States or a federal actor. *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000) ("The Fifth Amendment applies only to violations of constitutional rights by the United States or a federal actor."). Plaintiff has not alleged or argued that Defendant Harris County or the jail guards were acting under the authority of the federal government. In fact, Plaintiff acknowledges that the Jail is operated by the Harris County Sheriff's Office. ECF 12 ¶ 17. Therefore, to the extent Plaintiff intended to assert a claim for violation of his rights under the Fifth Amendment, it is DISMISSED.

**B.     Plaintiff's § 1983 claim against Harris County for violation of his Fourteenth Amendment rights must be dismissed for failure to meet the requirements for municipal liability set forth in *Monell*.**

Unlike the First, Fifth and Fourth Amendments, the Fourteenth Amendment

does provide a constitutional basis for an excessive force claim by a pretrial detainee. *See Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996) (holding that the constitutional rights of a pretrial detainee "flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment"). Plaintiff argues that Harris County violated his rights under the Fourteenth Amendment "by subjecting a pretrial detainee to an effectively deadly level of force without any provocation whatsoever." ECF 19 at 8.

To begin, the Court construes Plaintiff's pleading to assert a due process and not an equal protection claim under the Fourteenth Amendment. "The equal protection clause of the fourteenth amendment is essentially a mandate that all persons similarly situated must be treated alike." *Rolf v. City of San Antonio*, 77 F.3d 823, 828 (5th Cir. 1996). "[I]f the challenged government action does not appear to classify or distinguish between two or more relevant persons or groups, then the action—even if irrational—does not deny them equal protection of the laws." *Johnson v. Rodriguez*, 110 F.3d 299, 306 (5th Cir. 1997) (quoting *Brennan v. Stewart*, 834 F.2d 1248, 1257 (5th Cir.1988) (internal quotations omitted)). Here, Plaintiff fails to allege that Defendant's conduct differs among or distinguishes between two or more relevant groups. As such, any Fourteenth Amendment equal protection claim is DISMISSED.

As to his Fourteenth Amendment due process claim, as discussed below,

Plaintiff must satisfy the requirements of *Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 694 (1978) to survive the pending Motion to Dismiss.

**1. *Monell* sets forth the requirements for imposing liability on a municipal government for the acts of its employees.**

It is well-established that a municipality, like Harris County, cannot be held vicariously liable under § 1983 for the conduct of its employees. *Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 694 (1978); *Hicks-Fields v. Harris Cnty., Texas*, 860 F.3d 803, 808 (5th Cir. 2017) ("Harris County, as a municipality, may not be held liable under § 1983 on a basis of vicarious liability."). A municipality can be held liable under § 1983 if "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690. Therefore, to state a claim under § 1983 against Harris County, Plaintiff must plausibly allege that (1) an official policy, (2) promulgated by the municipal policymaker, (3) was the moving force behind the violation of his constitutional rights. *Henderson v. Harris Cnty., Texas*, 51 F.4th 125, 130 (5th Cir. 2022); *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). Further, the official policy or custom underlying Plaintiff's § 1983 claim must itself be unconstitutional or must have been adopted "with deliberate indifference to the known or obvious fact that such constitutional violations would result." *James v. Harris Cnty.*, 577 F.3d 612, 617 (5th Cir. 2009).

Deliberate indifference is a "stringent standard of fault requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *McWilliams v. City of Houston*, No. 21-20369, 2022 WL 17337820, at *4 (5th Cir. Nov. 30, 2022) (quoting *Board of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown,* 520 U.S. 397, 410-11 (1997)).   Thus, allegations of a "generalized risk" that a constitutional violation could result from the municipal actor's conduct is not sufficient to survive a motion to dismiss.  *Gibson v. City of Houston*, No. 4:22-CV-909, 2023 WL 2652258, at *3 (S.D. Tex. Mar. 27, 2023) (granting defendants' Rule 12(b)(6) motion in part because plaintiff did not plead failure to supervise rose to the level of deliberate indifference); *McWilliams*, 2022 WL 17337820, at *4 (affirming dismissal of claims because allegation that officers failed to recognize the need for medical care did not sufficiently allege deliberate indifference).

### 2.  Plaintiff has failed to allege an Official Policy as required by *Monell*.

Plaintiff's allegations of an "official policy" are conclusory and generalized. *See Vouchides v. Houston Cmty. Coll. Sys*., No. CIV.A. H-10-2559, 2011 WL 4592057, at *12 (S.D. Tex. Sept. 30, 2011) (holding that conclusory allegations of the existence of an unwritten policy, practice, or custom are insufficient at the motion to dismiss stage).  Plaintiff's First Amended Original Complaint identifies a litany of other incidents occurring at the Harris County Jail and essentially alleges a generalized culture of violence exists there.  The conduct Plaintiff attributes to the

guards in this case is horrific, but his Fourteenth Amendment excessive force claim cannot proceed against the County because Plaintiff has failed to meet *Monell* standards.

The Fifth Circuit has recognized three ways a Plaintiff may establish the existence of a policy for the purpose of *Monell*:  i) by showing a written policy; ii) by showing a widespread municipal practice; or, iii) in rare circumstances, by showing a single decision of an official policymaker if that policymaker also performed the act that forms the basis of the § 1983 claim.  *Webb v. Town of Saint Joseph*, 925 F.3d 209, 214 (5th Cir. 2019); *Zavala v. Harris Cnty.*, Texas, No. 22-20611, 2023 WL 8058711, at *2 (5th Cir. Nov. 21, 2023).  Plaintiff has not sufficiently alleged any of the three types of policies recognized in *Webb*.

### i.  Plaintiff does not allege the existence of an official written policy.

First, Plaintiff does not identify a written policy, either in his First Amended Original Complaint, or in his briefing.  Plaintiff does not argue or provide a reason to believe any written policy exists to support his claims.  *See* ECF 19.

### ii.  Plaintiff's pattern and practice allegations are insufficient to state a claim.

### a.  Other incidents at the jail

Plaintiff's allegation of a "pattern and practice" of wrongful conduct identifies only a single incident of a guard assaulting an inmate in February 2022.  ECF 12 ¶

15.  One prior incident, even if egregious, is not sufficient to establish a policy based on a pattern and practice.  The pattern "must have occurred for so long or so frequently that the course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of city employees."  *Zavala*, 2023 WL 8058711, at *2; *Davidson v. City of Stafford, Texas*, 848 F.3d 384, 396 (5th Cir. 2017) (citation omitted).  In addition, to satisfy *Monell*, a pattern and practice requires "similarity, specificity, and sufficiently numerous prior incidents."  *Id.*; *see also Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 851 (5th Cir. 2009) (holding that twenty-seven complaints filed between 2002 and 2005 did not establish a pattern of excessive force).  One factually similar instance of an assault by a guard upon an inmate fails to allege "a pattern and practice" sufficient to meet Plaintiff's burden to state a claim against Harris County based on an official policy that was the moving force behind the constitutional deprivation.  *See Peterson*, 588 F.3d at 851.

### b.    Failure to train or supervise

Plaintiff also fails to state a claim under *Monell* based on an alleged pattern and practice of failing to train or supervise jail guards.  Under 42 U.S.C. § 1983, a municipality can be held liable for failure to train or supervise officers if the plaintiff demonstrates "(1) the city failed to train or supervise the officers involved; (2) there is a causal connection between the alleged failure to supervise or train and the

alleged violation of the plaintiff's rights; and (3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights." *Edwards v. City of Balch Springs, Texas*, 70 F.4th 302, 312 (5th Cir. 2023) (citations omitted); *Armstrong v. Ashley*, 60 F.4th 262, 277 (5th Cir. 2023) (stating elements set forth above).  To state a claim for inadequate training, the "plaintiff must allege with specificity how a particular training program is defective." *Edwards*, 70 F.4th at 312.  And, a plaintiff must allege that the municipal policy is the result of deliberate indifference, which is a "high standard" that requires "a complete disregard of the risk that a violation of a particular constitutional right would follow the decision." *Id.*; *see also Armstrong*, 60 F.4th at 277 (holding that a conclusory allegation that officers received subpar training "across the board" is not enough to plead deliberate indifference).

The Court rejects Plaintiff's argument that it is never appropriate to dismiss a failure to train and/or supervise *Monell* claim prior to discovery.  ECF 19 at 4 (citing *Goff v. McLennan Cnty.*, No. 6:21-CV-00494, 2022 WL 21757078, at *5 (W.D. Tex. Aug. 10, 2022), report and recommendation adopted, No. 6:21-CV-00494, 2022 WL 21757079 (W.D. Tex. Oct. 5, 2022).  Blanket refusal to grant a motion to dismiss unless discovery has been conducted in a case involving a failure to train or supervise would collapse pleading requirements for municipal liability into nothing more than those required for respondeat superior.  *See Hutcheson v. Dallas Cnty., Texas*, 994

F.3d 477, 483 (5th Cir. 2021) (stating that accepting speculative and conclusory allegations of a municipality's failure to train or supervise would "would result in the imposition of respondeat superior liability on municipalities").

In *Goff*, cited by Plaintiff, the Magistrate Judge recommended denying the defendant's motion to dismiss and allowing plaintiff limited discovery, quoting the statement in *Thomas v. City of Galveston*, 800 F. Supp. 2d 826, 842 (S.D. Tex. 2011) that "it is exceedingly rare that a plaintiff will have access to (or personal knowledge of) specific details regarding the existence or absence of internal policies or training procedures prior to discovery."  *Id.*  *Goff* is significantly distinct from this case because the plaintiff in *Goff* identified the policies and procedures he deemed inadequate, such as policies and procedures on dispensation of medication, access to implements of self-harm, and training on specific topics.  2022 WL 21757078, at *5 (granting limited discovery "concerning the policies and procedures identified by Plaintiff as being inadequate").  Here, Plaintiff neither identified specific policies at issue nor in his Response requested limited discovery or explained how discovery would assist him in making more detailed allegations.  *See* ECF 16.

In *Thomas*, the case *Goff* relies upon, the court attempted to reconcile the Supreme Court's rejection of a heightened § 1983 pleading standard for claims against municipalities with the Rule 12(b)(6) standards established by *Twombly* and *Iqbal*.  800 F. Supp. 2d 826, 841-44.  The *Thomas* court reconciled the two standards

by concluding that in order to state a *Monell* claim against a municipality, a complaint must include "more than boilerplate allegations" but does not need to allege "specific facts that prove the existence of a policy." *Id.* at 844. The *Thomas* court did not conclude that it was improper to dismiss a claim based on the failure to train or supervise under Rule 12(b)(6), and in fact granted Defendant's Motion to Dismiss with leave to amend because the plaintiff "provided only generic, boilerplate recitations of the elements of claims against a municipality for an unconstitutional custom or practice, failure to adequately train or supervise, and negligent hiring of officials." *Id.* at 845; *see also, e.g., Hutcheson v. Dallas Cnty., Texas*, 994 F.3d 477, 483 (5th Cir. 2021) (affirming dismissal of plaintiff's claims because plaintiff's allegations of the County's failure to train were speculative and conclusory); *Armstrong*, 60 F.4th at 276 (affirming dismissal on pleading where pleading was "conclusory without meaningful factual content").

Turning to this case, the Court finds Plaintiff's allegations regarding Defendant's failures to train and supervise are wholly conclusory and mere boilerplate. Plaintiff's failure to train or supervise allegations consist entirely of the assertions that Harris County is liable "for failing to train and supervise officers in the use of force" (ECF 12 ¶ 35) and that "failures to train and supervise staff regarding the policies, procedures, practices and customs of Harris County and the deputies put Plaintiff and potentially others in a dangerous situation and violated

15

their rights . . ..." (ECF 12 ¶ 39).  Plaintiff fails to allege any particular deficiencies in Harris County's training or supervision of jail officers.  In addition, Plaintiff fails to allege facts demonstrating that Harris County's alleged training and supervisory deficiencies caused the violation of Plaintiff's Fourteenth Amendment rights. Finally, Plaintiff's allegations that the failures to train or supervise were deliberately indifferent to the violation of constitutional rights are wholly conclusory:  the First Amended Original Complaint alleges that Harris County through its employees "engaged in deliberate and outrageous invasion of Plaintiff's rights . . .." (ECF 12 ¶ 34), and Harris County's "acts and omissions rise to the level of deliberate indifference . . . constituting a violation of" Plaintiff's constitutional rights (ECF 12 ¶ 41).  The Fifth Circuit has held that a "plaintiff may show deliberate indifference by demonstrating either that (a) the 'municipality had notice of a pattern of similar violations,' or (b) 'the constitutional violation was the highly predictable consequence of a particular failure to train.'"  *Armstrong*, 60 F.4th at 277.  As discussed above, Plaintiff has not alleged a pattern of *similar* incidents or that what happened to Plaintiff was "the highly predictable consequence of a *particular* failure to train."  In sum, "[f]ailure to train cannot be alleged by the simple assertion that the occurrence of the incident proves the need for additional or different training," which is all that Plaintiff has asserted here. *Oliveria v. City of Jersey Vill*., No. 4:21-CV-03564, 2023 WL 7222124, at *4 (S.D. Tex. Nov. 2, 2023) (quoting *Garcia v.*

*Harris Cnty.*, No. CV H-22-198, 2022 WL 2230469, at *2 (S.D. Tex. June 2, 2022),

report and recommendation adopted, No. CV H-22-198, 2022 WL 2222972 (S.D.

Tex. June 21, 2022)).

> ### iii.   Plaintiff does not allege an act by the policymaker that creates an official policy.

Plaintiff has not alleged the third type of policy recognized in *Webb* because

he has not alleged that the jail's official policymaker, Ed Gonzalez, actually

participated in the alleged violation of Plaintiff's constitutional rights.  *Webb*, 925

F.3d at 214.

> ### 3.   Plaintiff's allegations do not show Harris County ratified the alleged wrongful conduct for purposes of creating liability under *Monell*.

Plaintiff alleges that no guard was disciplined or charged with a crime for

assaulting Plaintiff.  ECF 12 ¶ 13.  The First Amended Original Complaint does not

mention "ratification."  *See* ECF 12.  However, in his Response to the Motion to

Dismiss, Plaintiff argues that Harris County ratified the guards' conduct by not

charging them with a crime or disciplining them for using excessive force against

Plaintiff.  Ratification is a theory by which some courts have held a municipality

liable for a subordinate's constitutional violation if "authorized policymakers

approve a subordinate's decision and the basis for it."  *Hobart v. City of Stafford*,

916 F. Supp. 2d 783, 792-93 (S.D. Tex. 2013) (explaining the theory of ratification);

*Oliveria*, 2023 WL 7222124, at *8 (explaining theory of ratification and finding

plaintiff's allegations insufficient to state a *Monell* claim based on the theory of ratification).  In other words, ratification of an employee's acts by the municipality's official policymaker creates a policy approving the subject acts.  *Hobart*, 916 F. Supp. 2d at 792-93.  Under Fifth Circuit precedent, the facts alleged by Plaintiff do not state a *Monell* claim against Harris County based on ratification.

Years ago, the Fifth Circuit held in *Grandstaff v. City of Borger, Tex.*, 767 F.2d 161, 171 (5th Cir. 1985), that some actions by officers are so "incompetent and catastrophic" that the failure to issue any discipline in response could create an inference that such conduct "was accepted as the way things are done and have been done."  In the years since, the Fifth Circuit has limited the holding of *Grandstaff* to "extreme factual scenarios."  *Zavala*, 2023 WL 8058711, at *2 (citing *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 848 (5th Cir. 2009)); *Snyder v. Trepagnier*, 142 F.3d 791, 798 (5th Cir. 1998) (noting that *Grandstaff* "has not enjoyed wide application" in the Fifth Circuit and rejecting ratification theory of municipal liability in a case where an officer shot a fleeing suspect in the back).  Courts in this district have recognized that "the precise standard by which to plead a ratification theory is somewhat unclear[.]"  *Taylor v. Hartley*, 488 F. Supp. 3d 517, 537 (S.D. Tex. 2020) (citing *Hobart v. City of Stafford*, 916 F. Supp. 2d 783 (S.D. Tex. 2013)); *Oliveria*, 2023 WL 7222124, at *8 (finding Plaintiff's allegations of ratification conclusory and insufficient to state a claim).  Nonetheless, "a clear prerequisite is

knowing approval by a policymaker of both conduct and its underlying, improper basis." *Id.*

In *Hobart*, the court recognized that the lack of Fifth Circuit guidance has led many courts to compare the facts of a particular case to *Grandstaff* in determining whether ratification is a viable theory of liability.  916 F.Supp.2d at 796.  The court in *Hobart* concluded that the fatal shooting of an unarmed, 19-year-old, mentally ill civilian who was not a criminal suspect, by an officer who fired multiple shots at the victim in the victim's home, were sufficient to allow the municipal liability claim to go to a jury.  *Id.* at 797.  More recently, in *Covington v. City of Madisonville, Texas*, 812 F. App'x 219, 228-29 (5th Cir. 2020), the Fifth Circuit concluded that the district court erred in granting a 12(b)(6) motion where plaintiff alleged that the police chief failed to intervene to stop an officer's wrongful conduct and covered up evidence of the officer's culpability after the fact.  Even more recently, in *Zavala v. Harris Cnty., Texas*, No. 22-20611, 2023 WL 8058711, at *2 (5th Cir. Nov. 21, 2023), the Fifth Circuit found a plaintiff failed to allege facts supporting liability under a ratification theory and affirmed dismissal of her *Monell* claim.

Here, no factual allegations show that a policymaker knowingly approved the guards' actions despite knowing they were improper.  Again, the alleged conduct of the guards in this case is deplorable, but Fifth Circuit precedent does not support

municipal liability for their conduct based on ratification.

### 4.   Plaintiff's remaining allegations are insufficient to state a claim based on an official policy.

Plaintiff makes conclusory allegations that Defendant maintains policies, presumably unwritten, of failing to have insurance coverage for civil rights violations by jail staff; failing to have adequate staff; failing to adequately fund the jail; failing to keep the inmate population at a level appropriate for inmate safety; failing to provide body and dash cameras to lawyers to decrease the number of inmates in the jail [sic]; and failing to perform IAD investigations if criminal charges are pending against an inmate.  ECF 12 ¶ 28, ¶ 35.  The First Amended Original Complaint contains no allegations tying these alleged policies to the guard's conduct in this case and it is difficult to see how some of the alleged policies, such as not placing body cameras on lawyers, could possibly constitute the driving force behind the violation of Plaintiff's constitutional rights.   In any event, "[c]onclusory allegations of the existence of an unwritten policy, practice, or custom are . . . insufficient."  *See Vouchides v. Houston Cmty. Coll. Sys*., No. CIV.A. H-10-2559, 2011 WL 4592057, at *12 (S.D. Tex. Sept. 30, 2011) (multiple citations omitted).

### 5.   Leave to Amend would be futile and therefore should be denied.

Having had an opportunity to review all of Defendant's arguments for dismissal contained in its first Motion to Dismiss, Plaintiff filed his First Amended Original Complaint.  Despite knowing all of Defendant's arguments in support of

dismissal, Plaintiff made no substantive changes to his pleading.  *Compare* ECF 1 *with* ECF 12 (demonstrating the single addition to the First Amended Original Complaint is the addition of the sentence "The jail has refused to release the names of the guard responsible for Adaels' injuries" in paragraph 16).  Further, Plaintiff did not request leave to amend in his Response and has given no indication that the Complaint's deficiencies would be cured if he were given leave to amend.  *See Hutcheson*, 994 F.3d at 483-84 (finding district court did not abuse his discretion by denying leave to amend where plaintiff had amended once and did not show she could cure the defects in her case).  Under the circumstances, the Court concludes that Plaintiff has put forth his best case.  Therefore, the Court dismisses this case with prejudice, without leave to amend.  *See Wiggins v. Louisiana State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (stating that granting leave to amend is not required if the plaintiff has already pleaded her "best case").

## IV.    Conclusion and Order

For the reasons stated above, the Court finds that Plaintiff has not stated a plausible claim for relief against Harris County under 42 U.S.C. § 1983 because he cannot establish an official policy that was the moving force behind his alleged constitutional violation as required by *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) and other Fifth Circuit precedents. It is therefore

ORDERED that Defendant's Motion to Dismiss (ECF 7; ECF 13) is

GRANTED and Plaintiff's claims are DISMISSED with prejudice.  The Court will issue a separate Final Judgment.

Signed on March 26, 2024, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge