# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| ADAEL GONZALEX GARCIA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:23-CV-0542 |
| § | |
| HARRIS COUNTY TEXAS, § | |
| § | |
| Defendant. § | |

## ORDER

On March 26, 2024, the Court issued a Memorandum Opinion and Order granting Harris County's Motion to Dismiss.[1] ECF 39. Now before the Court is Plaintiff's Motion to Amend and for Reconsideration of Dismissal. ECF 41. Having the considered the parties' submissions, Plaintiff's Motion is GRANTED and the March 26, 2024 Memorandum Opinion and Order is VACATED.

## I.  Background

Plaintiff Adael Gonzalez Garcia ("Plaintiff") filed this suit against Defendant Harris County, Texas ("Defendant") on February 14, 2023. ECF 1. After Defendant filed a Motion to Dismiss (ECF 7), Plaintiff filed a slightly modified First Amended

---

[1] The parties consented to proceed before the Undersigned Magistrate Judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.  ECF 17; ECF 38.

Original Complaint on May 23, 2023, and the Defendant re-urged its Motion to Dismiss. ECF 12; ECF 13. At an initial conference on June 6, 2023, United States Magistrate Judge Sam S. Sheldon ordered Defendant to produce within 30 days the Internal Affairs Division (IAD) related to the November 26, 2022 incident in which Plaintiff was injured, and ordered Plaintiff to produce within 30 days all his medical records. ECF 15. The Court also entered a Scheduling Order setting October 27, 2023 as the deadline for amending pleadings and adding new parties. ECF 16. Thereafter, the parties consented to the jurisdiction of a United States Magistrate Judge for all purposes, including trial and final judgment. ECF 17.

Defendant made multiple motions for an extension of its time to produce the IAD reports and videos pursuant to the June 6, 2023 Order due to pending Grand Jury proceedings. ECF 21; ECF 24. Therefore, Plaintiff requested and was granted an extension of time to amend pleadings until March 29, 2024. ECF 30; ECF 37. On December 7, 2023, Judge Sheldon ordered Defendant to produce all IAD reports and video related to the events of November 26, 2022 by February 12, 2024. ECF 36. That same day, this case was transferred to United States Magistrate Judge Christina A. Bryan.

The Court's March 26, 2024 Order granting Defendant's Motion to Dismiss stated that "Plaintiff has not stated a plausible claim for relief against Harris County under 42 U.S.C. § 1983 because he cannot establish an official policy that was the

moving force behind his alleged constitutional violation as required by *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) and other Fifth Circuit precedents." ECF 39 at 21. The Court rejected Plaintiff's argument at that time that dismissal was improper prior to discovery, stating "Plaintiff neither identified specific policies at issue nor in his Response requested limited discovery or explained how discovery would assist him in making more detailed allegations." *Id.* at 14. Further, the Court found Plaintiff failed "to allege facts demonstrating that Harris County's alleged training and supervisory deficiencies caused the violation of Plaintiff's Fourteenth Amendment rights." *Id.* at 16.

Plaintiff filed the pending Motion to Amend and for Reconsideration on April 23, 2024. ECF 41. Plaintiff argues that he should be given leave to amend pursuant to Federal Rule of Civil Procedure 15(a)(2) and the Court should reconsider dismissal under Federal Rule of Civil Procedure 59(e) because at the time of the Court's ruling Plaintiff had not had discovery and Defendant had not produced the IAD reports. ECF 41 at 4. Plaintiff attached his 120-page proposed Second Amended Complaint to his Motion. ECF 41-1.

II. Analysis

Motions for leave to amend that are filed within the time set by the Court's scheduling order are governed by Federal Rule of Civil Procedure 15(a)(2). *DynaEnergetics Eur. GmbH v. Hunting Titan, Inc.*, 629 F. Supp. 3d 548, 594 (S.D.

Tex. 2022). Under Rule 15(a)(2), "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, leave to amend is not automatic. *N. Cypress Med. Ctr. Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 477 (5th Cir. 2018) (citations omitted). The Court has discretion to deny leave to amend if it has substantial reason to do so, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , and futility of amendment." *Id.*

In this case, Plaintiff did not expressly move for leave to amend in his Motion to Dismiss Response (*see* ECF 19), but he did argue the need for discovery. ECF 39 at 13-16. Furthermore, the record shows that prior to filing his Response, Plaintiff diligently sought an extension of time until March 29, 2024 to file an amended complaint. ECF 37. Based on the above procedural history, the Court finds it is in the interests of justice to allow Plaintiff to file his Second Amended Complaint. The filing of a Second Amended Complaint necessitates reconsideration of dismissal.

### III.  Conclusion and Order

For the reasons stated above, it is

ORDERED that Plaintiff's Motion for Leave to Amend and for Reconsideration (ECF 41) is GRANTED. It is further

ORDERED that the Court's March 26, 2024 Memorandum Opinion and Order

4

is VACATED. The Clerk will reopen this case. It is further

ORDERED that Plaintiff must file the Second Amended Complaint in the form attached to the Motion (ECF 41-1) on or before November 18, 2024. It is further

ORDERED that Defendant may file a Motion to Dismiss or other response to the Second Amended Complaint on or before December 18, 2024.

Signed on November 13, 2024, at Houston, Texas.

*Christina A. Bryan*
Christina A. Bryan
United States Magistrate Judge