UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ADAEL GONZALEZ GARCIA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.: 4:23-cv-00542 |
| | § | |
| HARRIS COUNTY, TEXAS, | § | |

**OPPOSED MOTION FOR PROTECTIVE ORDER**

Harris County files this opposed motion for a protective order of the discovery in this matter, including but not limited videos from the jail.

## I.    BACKGROUND

1. Harris County recently produced discovery to Plaintiff's attorney. The videos from the jail were marked <u>confidential, but there was no formal protective order.</u> Plaintiff's attorney produced the videos to a local television station without notice to Harris County. Plaintiff's counsel asserts that his client has a First Amendment right to release the confidential videos to whomever he wants. He is opposed to this motion.

2. Prior to this, Harris County was ordered to produce discovery to Plaintiff's counsel once the District Attorney made a decision of potential indictments of detention staff.

3. Two detention officers were recently indicted for misdemeanor assault.

4. In good faith, the records were marked confidential and produced on November 19, 2024; plaintiff's counsel gave the videos to at least one TV station this week and gave an interview as he showed the videos. Harris County assumes plaintiff's counsel will continue to release the videos to the media, and therefore requests this protective order, albeit late.

## II.  ANALYSIS

5.  Plaintiff counsel's primary argument is that he has a First Amendment right to disclose videos that were marked confidential. It is an argument without merit.

6.  The release of the videos has noting to do with free speech rights but with counsel's desire to poison the jury pool and produce and use this discovery in other lawsuits without regard to the impact on the instant case. Harris County assumes that plaintiff's counsel will continue to share the discovery in this case as he sees fit, without respecting the production that was produced as confidential.

7.  In addition, Harris County has not hidden these videos from Plaintiff. Discovery in this matter must be relevant and proportional to the needs of this case, not for others, the media and not as a publicity move by counsel.

8.  There is exist of good cause under Rule 26(c) for the confidentiality of all the discovery in this case, including the jail videos. In addition, the simple fact that a lawsuit was filed does not create a basis for otherwise non-public data to be broadcast publicly. Plaintiff chose to litigate this matter, and they have no other rights to make discovery in this matter public.

9.  It is also well known that "videotapes are subject to a higher degree of abuse...[t]hey can be cut and spliced and used inappropriately." *Id*. at p. 2, citing *Hobley v. Burge*, 225 F.R.D. 221, 226 (N.D. Ill. 2004). The same logic applies to this case. There are stark differences between motions for protective orders and motions to seal court records. *Shane Grp., Inc. v. Blue Cross Blude Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016)). Secrecy is generally "fine at the discovery stage, before the material enters the judicial

record." *Shane Grp., Inc.*, 825 F.3d at 305 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)).

10. Courts regularly find good cause for protective orders limiting the public disclosure of jailhouse video footage based on such security concerns. *See, e.g.*, *Wilson v. Robinson*, 3:22-cv-158, 2023 WL 6466383, at *5 (E.D. Tenn. Oct. 4, 2023) (limiting disclosure of jail video footage only to parties or counsel); *Hari v. Smith*, 20-cv-1455 (ECT/TNL), 2022 WL 336831, at *4–5 (D. Minn. Feb. 4, 2022) (granting motion to compel production of jail security footage but only permitting plaintiff to view the footage under supervision); *Perasso v. Washington State Dep't of Corr.*, 3:18-cv-5934 (BHS/DWC), 2019 WL 2172857, at *2 (W.D. Wash. May 20, 2019)(granting motion to compel production of jail security footage but only permitting plaintiff's counsel to view the footage).

11. Here, Harris County produced the videos and other discovery, and Plaintiff promptly released it to a TV station. Without a protective order, plaintiff's counsel will continue to release this discovery to anyone he pleases.

12. Further, confidentiality of this discovery does not obstruct Plaintiff's preparation of his case. *Randle v. Ramsey Cnty.*, No. 23-CV-1491 (JWB/DJF), 2024 WL 3356964, at *2 (D. Minn. July 10, 2024).

13. This court can impose sanctions on plaintiff's counsel, even without a protective order, especially when counsel acts in bad faith. In a recent federal case in the Eastern District, plaintiff's counsel released video to the media before a protective order could be entered. The defendants received sanctions under the court's inherent power to sanction conduct. The parties in that case had agreed to a protective order that was not yet entered;

here the videos were produced stamped confidential, and the plaintiff's counsel did not protest the designation.

> Defendants seek sanctions under Rule 37(b)(2) of the Federal Rules of Civil Procedure. … Rule 37(b)(2) permits sanctions against a party that "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2). While Rule 37(b)(2) can apply to violations of protective orders, *see Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012) ("In our view, by prescribing the method and terms of the discovery of confidential material, the Protective Order was granted 'to provide or permit discovery' of confidential documents within the meaning of Rule 37(b)."), the Court did not enter the Agreed Protective Order until after the footage was leaked and released to the public. … Because Mr. Anderson and/or Mr. Hanzich did not violate a Court order, Rule 37(b)(2) does not apply, and the Court must deny Defendants' motion.
>
> **<u>This conclusion should not be interpreted as minimizing the seriousness of the conduct raised by Defendants' motion. The Court is deeply troubled by Mr. Anderson's conduct. Rule 37(b)(2) is simply the incorrect vehicle for sanctions under these circumstances. Instead, the Court sanctions Mr. Anderson under its inherent sanctioning power.</u>**

*Hanzich v. Nacogdoches Cnty.,* 688 F. Supp. 3d 383, 388-89 (E.D. Tex. 2023)(emphasis added).

14.    This Texas court added, "When a party's deplorable conduct is not effectively sanctionable pursuant to an existing rule or statute, it is appropriate for a district court to rely on its inherent power to impose sanctions." *Carroll v. Jaques Admiralty Law Firm, P.C.*, 110 F.3d 290, 292 (5th Cir. 1997) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)). "[A] court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers*, 501 U.S. at 45–46, 111 S.Ct. 2123 (internal quotation marks omitted).

## CONCLUSION

Harris County has attached a proposed protective order, based on a sample form used by Judge Charles Eskridge. Harris County asks this court to enter the protective order, order plaintiff's counsel to reveal to whom else he has disclosed this discovery to and to impose sanctions on plaintiff's counsel under this court's inherent power.

Date: December 13, 2024.

          Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY

**JONATHAN G. C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST ASSISTANT

**NATALIE G. DELUCA**
MANAGING COUNSEL,
DEFENSIVE LITIGATION, EMPLOYMENT, & REAL ESTATE DIVISIONS

By:  */s/ Suzanne Bradley*
**SUZANNE BRADLEY**
Senior Assistant County Attorney
ATTORNEY-IN-CHARGE
State Bar No. 00793375
Fed. Bar No. 24567
Suzanne.Bradley@harriscountytx.gov

**VERONICA L. JONES**
Assistant County Attorney
ATTORNEY TO BE NOTICED
State Bar No. 24097902
Fed. Bar No. 3639763
Veronica.Jones@harriscountytx.gov

**OFFICE OF THE HARRIS COUNTY ATTORNEY**
1019 Congress

Houston, Texas 77002
Tel: (713) 274-5330 (direct)

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF CONFERENCE**

I certify that, on December 13, 2024, I conferred via e-mail with plaintiff's counsel, Randall Kallinen regarding the contents of this motion and he has stated that plaintiff is opposed.

*/s/ Suzanne Bradley*
Suzanne Bradley

**CERTIFICATE OF SERVICE**

I certify that, on December 13, 2024, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this certificate is attached was filed with the clerk of the court using CM/ECF system, which will send electronic notification for those listed of record who receive electronically filed documents.

*/s/ Suzanne Bradley*
Suzanne Bradley