In the United States District Court
for the Southern District of Texas
Houston Division

| | |
|---|---|
| Adael Gonzalez Garcia,<br>*Plaintiff,*<br><br>*versus*<br><br>Harris County, Texas,<br>*Defendant.* | Civil Action No.<br>4:23-cv-542<br>(Jury Trial) |

Plaintiff's Motion to Amend

To the Honorable Christina A. Bryan:

Now comes Plaintiff Adael Gonzalez Garcia, moving this Court to grant him leave to amend his complaint. He so moves irrespective of the outcome of the pending motion to dismiss;[1] he would have the Court deny the County's motion and grant him leave to amend, or, in the alternative, grant dismissal without prejudice and allow him to amend as described herein. Thus, he respectfully shows the Court as follows:

**Argument**

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleadings by written consent of the opposing party and/or the leave

---

[1] Docs. 53, 57.

of the Court, which "should freely give leave when justice so requires." Indeed, Fifth Circuit caselaw has long had a strong bias in favor of allowing amendments.[2]

Since Plaintiff last amended his complaint, two new, related sets of information have been discovered. First, KHOU released an investigative documentary uncovering a pattern and culture of head strikes specifically being used regularly against inmates without adequate justification.[3] It discovered that there have been at least 810 instances of head strikes against inmates, and Sheriff Gonzalez stated that he "appreciate[d]" KHOU "bringing the information forward."[4] It discovered that there was no policy or training in place regarding head strikes, and the County changed its policy and training in January of 2025 as a result.[5] Second, it was clarified that Plaintiff was subject to three separate uses of force, two of which specifically involved head strikes. Combined, these two sets of information provide yet more support for Plaintiff's *Monell* claim against Harris County, and show causation between the previous lack of policy, the pattern and culture among jailers, and

---

[2] *See, e.g., Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of America Co.*, 195 F.3d 765, 770 (5th Cir. 1999); *Lone Star Motor Import v. Citroen Cars*, 288 F.2d 69, 75 (5th Cir. 1961).

[3] *See* Proposed Complaint Exhibit 1 (Ex. 1), or https://www.youtube.com/watch?v=t4viA-QcAp8k&t=2s.

[4] Ex. 1 at 13:24.

[5] *See* https://www.khou.com/article/news/investigations/harris-county-jail-punching-policy/285-455486bd-890e-4e01-84c9-40c0c39d1f0b.

Adael's injuries even more clearly. As a result, Plaintiff submits that justice requires allowing the proposed amendment.

However, Plaintiff also recognizes that the case is in a unique posture at the moment, because the Court issued a protective order that has been actively challenged and may be lifted, and is also considering the County's motion to dismiss. Notably, Plaintiff has not attached or referenced any of the County's IAD production as a result of the protective order specifically. As a result, Plaintiff would note that while there is a Proposed Amended Complaint attached to this motion that he wants to file, he would also note that he is moving, in addition and in the alternative, for leave to amend generally, and would like to include information from the IAD production pending the result of the protective order dispute, if the Court finds the Proposed Amended Complaint futile, or otherwise sees fit to delay amendment based on those other rulings.

## Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court grant him leave to amend his complaint.

Respectfully submitted,

*/s/Alexander C. Johnson*
Alexander C. Johnson
Kallinen Law PLLC
State Bar of Texas
    Bar No. 24123583

       U.S. Southern District of Texas
          Federal ID No. 3679181
       511 Broadway Street
       Houston, Texas 77012
       Telephone: 573.340.3316
       Fax: 713.893.6737
       Email: alex@acj.legal
       **Attorney for Plaintiff**

       */s/Randall L. Kallinen*
       Randall L. Kallinen
       Kallinen Law PLLC
       State Bar of Texas
          Bar No. 00790995
       U.S. Southern District of Texas
          Federal ID No. 19417
       511 Broadway Street
       Houston, Texas 77012
       Telephone: 713.320.3785
       Fax: 713.893.6737
       Email: AttorneyKallinen@aol.com
       **Attorney for Plaintiff**

## Certificate of Conference

I certify that on January 8th, 2025, I conferred with Defendant's counsel Suzanne Bradley via email, and she indicated that Defendant is opposed to the relief sought.

       */s/Alexander C. Johnson*
       Alexander C. Johnson

## Certificate of Service

I certify that on January 8th, 2025, I have served a true and correct copy of the foregoing document that was delivered by the ECF in accordance with the Federal Rules of Civil Procedure to all ECF notice attorneys of record.

*/s/Alexander C. Johnson*
Alexander C. Johnson
