## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **ADAEL GONZALEZ GARCIA,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No.: 4:23-cv-00542** |
| | § | |
| **HARRIS COUNTY, TEXAS,** | § | |

## DEFENDANT HARRIS COUNTY'S MOTION TO DISMISS
## SECOND AMENDED COMPLAINT

# TABLE OF CONTENTS

Table Of Authorities ....................................................................................................... iii

I. Summary Of Facts and Argument ............................................................... 1

   A. "Facts" Alleged Are Misrepresented and Court's Order is Violated. ...................... 1

   B. Standard of Review. ........................................................................................ 4

   C. News Articles and Video Are Hearsay. ........................................................... 4

   D. Other Lawsuits Are Not Facts, Only Allegations That Will Not Support *Monell*. ... 5

   E. Politician's Unsworn Statement as Not Evidence of Any "Facts". ........................... 6

   F. Plaintiff Fails to State a Claim Against Harris County. ............................... 6

II. Conclusion ................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adames v. Perez*, 331 F.3d 508 (5th Cir. 2003) ........................................................ 14, 15

*Adams Family Tr. v. John Hancock Life Ins. Co*., 424 F. App'x 377(5th Cir. 2011) ......... 5

*Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.*, 300 F.3d 620 (5th Cir. 2001) ...... 10

*Armour v. Davis*,  2020 WL 2859140, at \*12 (E.D. Tex. June 1, 2020) ............................ 4

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................ 10, 13, 15

*Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397 (1997) .............................. 8

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)  ................................................... 10

*Bennett v. City of Slidell*, 728 F.2d 762 (5th Cir.) ............................................................ 7

*Blackburn v. City of Marshall*, 42 F.3d (5th Cir. 1995) ................................................ 3, 10

*Carnaby v. City of Houston*, 636 F.3d 183 (5th Cir.2011) ................................................. 3

*Carpenter v. United States*, 138 S. Ct. 2206 (2018) ........................................................ 13

*Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496 (5th Cir. 2000) ............................. 2

*Connick v. Thompson*, 560 U.S. 51 (2011) ................................................................ 6, 7, 9

*Covington v. City of Madisonville*, 812 Fed. App'x. 219 (5th Cir. 2020) ........................... 7

*Culbertson v. Lykos*, 790 F.3d 608 (5th Cir. 2015) ........................................................... 7

*Davidson v. City of Stafford*, 848 F.3d 384 (5th Cir. 2017) ......................................... 1, 7, 9

*Doe 1 v. Harris Cnty., Texas*,  2023 WL 8434050 (5th Cir. Dec. 5, 2023) ....................... 5

*Farmer v. Brennan*, 511 U.S. 825 (1994) ....................................................................... 14

*Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278 (5th Cir. 1993) ........................ 10

*Fraire v. City of Arlington*, 957 F.2d 1268 (5th Cir. 1992)..............................................8, 9

*Garcia v. Harris Cnty. Texas*, 2024 WL 1291531 (S.D. Tex. Mar. 26, 2024) ..................1

*Gonzalez v. Ysleta Indep. School Dist.*, 996 F.2d 745 (5th Cir. 1993)...............................8

*Gordon v. City of Dallas*, 826 F.3d 280 (5th Cir. 2016) ...............................................8, 11

*Gutierrez v. City of San Antonio*, 139 F.3d 441 (5th Cir. 1998) ......................................13

*Hale v. King*, 642 F.3d 492 (5th Cir. 2011)...........................................................10, 12, 14

*Hicks v. Charles Pfizer & Co., Inc., 466* F. Supp.2d 799 (E.D. Tex. 2005) ......................4

*Jacobs v. West Feliciana Sheriff's Dept.*, 228 F.3d 388 (5th Cir. 2000)...........................14

*James v. Harris Cnty.*, 577 F.3d 612 (5th Cir. 2009) ..........................................................8

*Johnson v. Rodriguez*, 110 F.3d 299 (5th Cir. 1997) ........................................................14

*Jones v. City of Jackson*, 203 F.3d 875 (5th Cir. 2000) ......................................................3

*Karnatcheva v. JPMorgan Chase Bank*, 704 F.3d 545 (8th Cir. 2013) ............................15

*Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383 (5th Cir. 2010) ........2

*Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978)...................6, 7, 8

*Pena v. City of Rio Grande City*, 879 F.3d 613 (5th Cir. 2018).........................................7

*Peterson v. City of Fort Worth*, 588 F.3d 838 (5th Cir. 2009) .......................................7, 9

*Piotrowski v. City of Houston*, 237 F.3d 567 (5th Cir. 2001) ........................................7, 8

*Ratliff v. Aransas Cnty., Texas*, 948 F.3d 281 (5th Cir. 2020) ...........................................7

*Roberts v. City of Shreveport*, 397 F.3d 287 (5th Cir. 2005) ..................................4, 11, 12

*Rolf v. City of San Antonio*, 77 F.3d 823 (5th Cir. 1996) ...........................................13, 14

*S. Christian Leadership Conference v. Supreme Court of the State of La.*,
    252 F.3d 781 (5th Cir.2001) .............................................................................................4

*Sanchez v. Young Cnty.*, 956 F.3d 785 (5th Cir. 2020) ......................................................9

*Scott v. Harris*, 550 U.S. 372 (2007) ....................................................................................3

*Shaw v. Villanueva*, 918 F.3d 414 (5th Cir. 2019) ..............................................................10

*Taylor v. Books A Million, Inc.*, 296 F.3d 376 (5th Cir. 2002) ........................4, 10, 11, 12

*United States v. Abou-Kassem*, 78 F.3d 161 (5th Cir. 1996) .............................................14

*Valle v. City of Houston*, 613 F.3d 536 (5th Cir. 2010) ..................................................7, 11

*Vouchides v. Houston Cmty. Coll. Sys.*, No. CIV.A.,
   2011 WL 4592057 (S.D. Tex. Sept. 30, 2011)................................................................11

*Wallace v. Tex. Tech. Univ.*, 80 F.3d 1042 (5th Cir. 1996)..................................................5

*Wheeler v. Miller*, 168 F.3d 241 (5th Cir. 1999)................................................................14

*Williams v. City of Denton, Texas*, 2021 WL 297141 (E.D. Tex. Jan. 8, 2021) .................2

*Wynn v. Harris Cnty., Texas*, 2024 WL 3833288 (5th Cir. Aug. 15, 2024) ..................5, 6

**Rules**

Rule 12(b)(6) of the Federal Rules of Civil Procedure ...................................................1, 4

## <u>DEFENDANT HARRIS COUNTY'S MOTION TO DISMISS</u>
## <u>SECOND AMENDED COMPLAINT</u>

Harris County files its motion to dismiss the second amended complaint (Docket Entry 58-1) (DE), and will show the court the following:

## I.    SUMMARY OF FACTS AND ARGUMENT

1.    Defendant Harris County files yet another Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Plaintiff has two "Second Amended Complaints".  This is in response to DE 58-1.

2.    First, this court need look no further than its own opinion originally dismissing this case. *Garcia v. Harris Cnty. Texas*, No. 4:23-CV-0542, 2024 WL 1291531, at *1 (S.D. Tex. Mar. 26, 2024), *opinion vacated on reconsideration sub nom. Garcia v. Harris Cnty.,* No. 4:23-CV-0542, 2024 WL 5205920 (S.D. Tex. Nov. 13, 2024) (DE 39).  After getting yet another chance to shore up his pleading, Plaintiff filed his "second" amended complaint and added only about 10 paragraphs related to a TV story on head strikes.  Plaintiff apparently did not read the court's March 26th opinion, or address any of the legal issues the court already found fatal to the pleadings.  This is especially problematic because *Monell* requires "prior notice." *Davidson v. City of Stafford*, 848 F.3d 384, 396 (5th Cir. 2017) (quotations omitted). A pattern thus requires "<u>similarity, specificity, and sufficiently numerous prior incidents</u>." *Id.(emphasis added)*

## A.    "Facts" Alleged Are Misrepresented and Court's Order Is Violated.

3.    Mr. Adael Gonzalez Garcia fell from his jail bunk on Nov. 24, 2022, as shown on the video that has been filed with the court as part of the "new" pleading.  Exhibit 1, DE 58-1. Mr. Garcia was promptly taken to the jail clinic. Then on Nov. 26, 2022, he was

1

beaten by jail officers as he was being escorted back to his cell. He was in a coma for a period of time.  Those officers have been indicted. DE 44-1, 44-2 and 44-3.

4.    Plaintiff promptly released the video to the press despite it being labeled "confidential".  Harris County has set a hearing on this matter and Plaintiff has been told to stop. DE 40, 50, 50-1.  Plaintiff also notes that this video is now on YouTube, despite the court's order to not publish the video.  Plaintiff cannot be heard to complain after releasing it to the media that he is not now responsible for its wide dissemination.  Clearly this was exactly his intent.

5.    This video actually shows Mr. Garcia falling from his top bunk in the middle of the morning.  No one pushed him.  Yet opposing counsel still alleges "falling from a bunk" is some prison code.  DE 58-1, para. 7.  Except there is no code when an inmate actually and legitimately falls unassisted from his top bunk.

6.    Here, Plaintiff attaches this video as part of his evidence in the complaint.  DE 58-1, Exhibit 1.  While this is the motion to dismiss stage, the court can consider evidence attached to the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)). "The Court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Id.* See also, *Williams v. City of Denton, Texas,* No. 417CV00811ALMKPJ, 2021 WL 297141, at *4 (E.D. Tex. Jan. 8, 2021), *report and recommendation adopted,* No. 417CV00811ALMKPJ, 2021 WL 289658 (E.D. Tex. Jan. 28, 2021).

7.    *Scott v. Harris,* 550 U.S. 372, 381 (2007) allows the court to assign "greater weight, even at the summary judgment stage, to the facts evident from video recordings taken at the scene." *Carnaby v. City of Houston,* 636 F.3d 183, 187 (5th Cir.2011). When one party's description of the facts is discredited by the record, the court need not take his word for it but should view "the facts in the light depicted by the videotape." *Scott,* 550 U.S. at 380–81.

8.    Next, Plaintiff again alleges that Harris County violated Mr. Garcia's rights under the Fourth, Fifth and Fourteenth Amendments. This court dismissed those counts.  He has not alleged any other facts to shore up these counts. As a threshold matter, the Fifth Amendment only applies to the federal government.[1] As a matter of law these claims should be dismissed.   This court dismissed the Fifth Amendment claim, yet Plaintiff persists.  Order, DE 39, page 7.  This court also dismissed the Fourth and Fourteenth claims that are virtually unchanged from First Amended Complaint. DE 39, pages 5-22 (Plaintiff has failed to allege a policy; pattern allegations are insufficient; he has failed to sufficiently allege lack of training and supervision; court criticized boilerplate allegations (page 15); he has failed to show ratification.)  Since this complaint is virtually unchanged but for the "head strike allegations" unrelated to Mr. Garcia's injuries, the court should comfortably dismiss this lawsuit with prejudice.

---

[1]  The Fifth Amendment "applies only to violations of constitutional rights by the United States or a federal actor." *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000); *see also Blackburn v. City of Marshall*, 42 F.3d 935 (5th Cir. 1995).

**B.    Standard of review.**

9.    While allegations in a well-pleaded complaint are to be taken as true, many of plaintiff's facts are simply unsupported hearsay, and allegations from other lawsuits filed by opposing counsel or other attorneys.  While this court said it would not consider this hearsay at the motion to dismiss stage, Plaintiff uses these random lawsuits as *Monell* proof, which this court has otherwise found insufficient.

10.    The Fifth Circuit reviews *de novo* a district court's dismissal under Rule 12(b)(6). *Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378 (5th Cir. 2002); *S. Christian Leadership Conference v. Supreme Court of the State of La.,* 252 F.3d 781, 786 (5th Cir.2001).

**C.    News articles and video are hearsay.**

11.    Plaintiff made a great deal of fuss over getting discovery after the indictments of the guards who hit Mr. Garcia.  Yet the only new additions to the complaint are a few paragraphs of hearsay allegations from the TV. And while this is at the motion to dismiss stage, this "evidence" will not improve with age at a summary judgment. The Fifth Circuit has stated that newspaper articles are "classic, inadmissible hearsay" and cannot be used to defeat summary judgment. *Roberts v. City of Shreveport*, 397 F.3d 287, 295 (5th Cir. 2005); see also*, Hicks v. Charles Pfizer & Co., Inc., 466* F. Supp.2d 799, 795 (E.D. Tex. 2005); *Armour v. Davis*, 2020 WL 2859140, at *12 (E.D. Tex. June 1, 2020)("The Defendants are correct in their assertion that these exhibits are hearsay and are not competent summary judgment evidence.").  Even though this is the motion to dismiss stage, the TV does not help Mr. Garcia.

**D.      Other lawsuits are not facts, only allegations that will not support *Monell*.**

12.      Counsel for plaintiff cites to other civil rights cases that he has filed and that others

have filed.  Many of them, including the Vince Young case, brought by this Plaintiff's

counsel, were dismissed by the Fifth Circuit and the district court because they lacked

merit. *Wynn v. Harris Cnty., Texas,* No. 23-20502, 2024 WL 3833288, at *1 (5th Cir. Aug.

15, 2024). See also, *Forbes v. Harris County et al*., DE 51, p. 11, 4:17-cv-02256, Judge

Lee Rosenthal,  citing to *Adams Family Tr. v. John Hancock Life Ins. Co*., 424 F. App'x

377, 381(5th Cir. 2011)("Pleadings are not competent summary-judgment evidence." See

also, *Wallace v. Tex. Tech. Univ*., 80 F.3d 1042, 1047 (5th Cir. 1996).

13.      The plaintiff also tries to rely on a dismissed lawsuit and statements by that attorney.

In the *John Doe 1* case, unnamed jail employees complained of working conditions.  Judge

Andrew Hanen dismissed with prejudice for failure to state a claim in November of 2022.

See *John Doe*, DE 34 and 35, Cause No. 21-cv-3036, Southern District of Texas – Houston

Division.  The Fifth Circuit, in less than 50 words,  affirmed the district court and cert was

denied by the Supreme Court in June of 2024.  *Doe 1 v. Harris Cnty., Texas*, No. 22-20652,

2023 WL 8434050, at *1 (5th Cir. Dec. 5, 2023), *cert. denied sub nom. Doe v. Harris Cnty.,*

144 S. Ct. 2605, 219 L. Ed. 2d 1254 (2024). Plaintiff apparently has not kept up on the

status of this case, and continues to cite it as supportive.

14.      This court has already pointed out that this kitchen sink approach to his pleading

will not get him over the *Monell* hurdle.  Yet he had not changed his pleading.

**E.    Politician's unsworn statement is not evidence of any "facts".**

15.    Plaintiff also quotes a politician, now Houston mayor. (John Whitmire, DE 1, para. 21) and a union representative (para. 19); these are hearsay as well, and not the well-pleaded facts needed to sustain this lawsuit.  In fact, this union representative has already sworn under oath that he knows nothing of jail conditions.  That case involves the same plaintiff's counsel as here. *Wynn et al., v. Harris County, et al.,* Southern District of Texas, Honorable Keith Ellison, 18-cv-4848, DE 190, Ex. 16 (David Cuevas' affidavit wherein he swears he has no personnel knowledge of jail staffing). Again, the *Wynn* case was entirely dismissed and that dismissal affirmed by the Fifth Circuit.

16.    Plaintiff alleges 28 deaths in the jail, a "record number." First, Mr. Garcia has not died.  This allegation is wholly without foundation, and does not explain if people who died of natural causes are included.

17.    It is on these thin facts that Plaintiff rests.  It is not enough to survive a motion to dismiss.

**F.    Plaintiff fails to state a claim against Harris County.**

18.    Even if this court accepts the allegations as true for purposes of this motion, it still fails. As it already has noted. Order, DE 58-1, pages 5-22.

19.    "[U]nder §1983, local governments are responsible <u>only</u> for '<u>their own</u> illegal acts.'" *Connick v. Thompson*, 560 U.S. 51, 60 (2011) (emphasis added); *see also Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978). The alleged constitutional violations must be "directly attributable to the [governmental entity] through some sort of official action or imprimatur; isolated actions by [governmental] employees will almost

never trigger liability." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001); *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009); *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010). As a result, governmental entities cannot be held liable on a *respondeat superior* basis, i.e., Harris County is not vicariously liable for its deputies' actions, even if unconstitutional. *Connick*, 560 U.S. at 60; *Monell*, 436 U.S. at 694; *Davidson,* 848 F.3d at 395; *see also Culbertson v. Lykos*, 790 F.3d 608, 628 (5th Cir. 2015) (quoting *Piotrowski*, 237 F.3d at 578).

20.     Harris County guards are not trained to assault inmates, and it is not responsible for these indicted guards' actions.

21.     ***Monell* Claim.**  To state a §1983 municipal liability claim against Harris County, Plaintiff must plead "facts that plausibly establish: 'a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Ratliff v. Aransas Cnty., Texas*, 948 F.3d 281, 285 (5th Cir. 2020) (citing *Piotrowski*, 237 F.3d at 578-579); *see also Pena v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir. 2018); *see also Covington v. City of Madisonville*, 812 Fed. App'x. 219, 224 (5th Cir. 2020)(a plaintiff must "plead facts that plausibly support <u>each</u> element of §1983 municipal liability"). "[Governmental] liability must be predicated upon a showing of 'fault,' not merely 'responsibility.'" *Connick*, 51 U.S. at 60 (emphasis added) ; *Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir.) (en banc), *cert. denied*, 472 U.S. 1016 (1985). Simply, a claim against the County cannot survive if the only alleged facts describe the event giving rise to the cause of action and nothing more. *See Ratliff*, 948 F.3d at 285. This is what Plaintiff has done.

22.     It is crucial that governmental culpability and governmental causation "not be diluted, for 'where a court fails to adhere to rigorous requirements of culpability and causation, municipal liability collapses into *respondeat superior* liability." *Piotrowski*, 237 F.3d at 579. Plaintiff, therefore, bears the burden of demonstrating that, through <u>deliberate</u> <u>indifference</u>, Harris County was the "moving force" behind the injury alleged. *See Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1997) (emphasis orig.); *James v. Harris Cnty.*, 577 F.3d 612, 617-619 (5th Cir. 2009); *Fraire v. City of Arlington*, 957 F.2d 1268, 1281 (5th Cir. 1992).

23.     Deliberate indifference is a stringent standard of fault, requiring proof that a final policymaker disregarded a known or obvious consequence in the execution of a government's policy. *Monell*, 436 U.S. at 694; *Fraire*, 957 F.2d at 1277. A mere showing of generalized risk is insufficient to establish deliberate indifference; rather, a plaintiff must show that a reasonable policy maker would conclude that the constitutional deprivation that occurred was a plainly obvious consequence of the policymaker's decision. *See Brown*, 520 U.S. at 411. Thus, Plaintiff must allege facts which show not only an unconstitutional decision, but *a decision by Harris County to* violate *the Constitution. See Gonzalez v. Ysleta Indep. School Dist.*, 996 F.2d 745, 759 (5th Cir. 1993) (emphasis added).

24.     For purposes of a Rule 12(b)(6) motion, a plaintiff must plead facts from which the court can reasonably infer that "the challenged policy was promulgated or ratified by the city's policymaker." *See Gordon v. City of Dallas*, 826 F.3d 280, 285 (5th Cir. 2016).

25.     Here, Plaintiff alleges a pattern and practice of guards assaulting inmates. He only lists one case where detention officers were indicted and/or fired for killing an inmate (DE

1, para. 15); one example of a guard being assaulted by an inmate (DE 58-1, para. 17); the now dismissed lawsuit filed by anonymous guards over working conditions (DE 58-1, para. 19); a report on inmates assaulting guards (DE 58-1, para. 20); a politician's quote (DE 58-1, para. 21); the inmate killing another inmate (DE 58-1, para. 22-27); and the lack of indemnification of employees (DE 58-1, para. 28).

26.     Thus, there is only one example of guards assaulting an inmate in this complaint. So even taking as true these allegations, this is not *Monell*.  Rather, Plaintiff  alleges all bad acts generally (inmate on guard violence, inmate on inmate violence) to get to *Monell.* It won't work.  *Monell* requires specificity. Established precedent imposes a far higher bar for liability under *Monell* than general bad acts.

27.     A custom may give rise to liability under *Monell* only if the unlawful practice is "so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). The pattern of behavior "must have occurred for so long or so frequently that the course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of ... employees." *Davidson,* 848 F.3d at 396 . A pattern thus requires "similarity, specificity, and sufficiently numerous prior incidents." *Id* .*(emphasis added)* "Showing a pervasive pattern is a heavy burden." *Sanchez v. Young Cnty.*, 956 F.3d 785, 793 (5th Cir. 2020); *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992) (to prevail under *Monell*, "[w]e have consistently required a plaintiff to plead specific facts, not merely conclusory allegations") (quotations omitted); *Peterson v. City of Fort Worth*, 588 F.3d 838, 851 n.4

(5th Cir. 2009) (finding no pattern even though there were 27 complaints of excessive force over four years against officers).

28.    As to the remaining allegations which do not involve guard-on-inmate violence, this court is not bound to accept as true "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," or legal conclusions couched as factual assertions. *Shaw v. Villanueva*, 918 F.3d 414, 415 (5th Cir. 2019) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009),  *see also Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) ("plaintiff must allege facts that support the elements of the cause of action in order to make out a valid claim").

29.    "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations…a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 544. Thus, dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.*, 300 F.3d 620, 624 (5th Cir. 2001) (quoting *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)); *see also Hale*, 642 F.3d at 499. Conclusory allegations or legal conclusions masquerading as factual conclusions are not adequate to prevent dismissal. *Taylor*, 296 F.3d at 378 (quoting *Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278, 284 (5th Cir. 1993)).

30.    **Failure to show policy.** For purposes of a Rule 12(b)(6) motion, a plaintiff must plead facts from which the court can reasonably infer that "the challenged policy was

promulgated or ratified by the city's policymaker." *Gordon v. City of Dallas*, 826 F.3d 280, 285 (5th Cir. 2016).

31.     Plaintiff alleges a policy of not doing investigations, but has not identified any specific, officially-promulgated written policy statement, regulation or decision of Harris County that allegedly caused a violation of Mr. Garcia's constitutional rights.  Nor has Plaintiff established a factual basis for a persistent or widespread practice of Harris County officials that was so common and well-settled as to constitute a custom that fairly represents a County policy. *Vouchides v. Houston Cmty. Coll. Sys*., No. CIV.A. H-10-2559, 2011 WL 4592057 at *12 (S.D. Tex. Sept. 30, 2011) (Rosenthal, J.) ("conclusory allegations of the existence of an unwritten policy, practice, or custom are … insufficient."). Plaintiff complains that the lack of county indemnification for detention officers is somehow a moving force behind Mr. Harris' death.  It makes no sense.

32.     Bare, unsubstantiated statements and conclusory allegations or legal conclusions masquerading as factual conclusions are not adequate to prevent dismissal. *Taylor*, 296 F.3d at 378 (internal citation omitted).  Therefore, Plaintiff has failed to state a claim upon which relief can be granted against Harris County and their claims against Harris County should be dismissed.

33.     **Failure to Train, Supervise, Discipline and Hire Claims**. Plaintiff generically contends that Harris County is liable for failing to train, supervise, discipline and hire HCSO employees (DE 31, para. 50-57). The standard for establishing liability for these claims is the same standard for establishing municipal liability in general. *Valle*, 613 F.3d at 544 (citing *Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005).

34.     Other than pure speculation on the failure to train claim, Plaintiff has failed to identify any inadequacies or deficiencies in the training of any HCSO employee (civilian or uniformed); failed to alleged any facts to link the purported inadequate or deficient training to the alleged injuries suffered by Mr. Garcia; and failed to allege any facts to establish a pattern of similar incidents in which citizens have been injured as a result. Again, threadbare allegations or legal conclusions masquerading as factual conclusions are not adequate to prevent dismissal. *See Taylor*, 296 F.3d at 378 (internal citation omitted). Therefore, Plaintiff has failed to state a failure to train claim upon which relief can be granted against Harris County and such claim should be dismissed as a matter of law.

35.     **Supervision Claim.** Plaintiff has not identified a supervisory official of Harris County that was involved in the events leading up to the death of Mr. Garcia; has not alleged any facts that established a causal connection between the alleged failure to supervise and violation of his rights; and has not alleged any facts that the failure to supervise amounted to deliberate indifference to his rights. *See Roberts*, 397 F.3d at 292. Plaintiff only makes a general allegation of failure to supervise and such is inadequate to prevent dismissal under Rule 12(b)(6).  *See Taylor*, 296 F.3d at 378; *see also Hale*, 642 F.3d at 499 ("plaintiff must allege facts that support the elements of the cause of action in order to make out a valid claim"). As a result, Plaintiff has failed to state a failure to supervise claim for which relief can be granted against Harris County and such claim should be dismissed as a matter of law.

36.     **Discipline and Hiring Claims**.  Based on the pleadings, these two claims are nothing more than labels, which amount to nothing more than "naked assertions devoid of

further factual enhancement," and such is insufficient to satisfy the pleading requirements of Rule 8. *See Ashcroft*, 556 U.S. at 678. As a result, Plaintiff's discipline and hiring claims should be dismissed.

37.    **Fourth Amendment Claim**. Plaintiff generically alleges that Harris County violated Mr. Garcia's Fourth Amendment right to "be secure in his person" (DE 31, para. 46, 47, 52, 53). "The basic purpose of this Amendment is to safeguard the privacy and security of individuals against arbitrary invasions by governmental officials." he Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." *Carpenter v. United States*, 138 S. Ct. 2206, 2213 (2018) (internal citation omitted). The protections of the Fourth Amendment are not implicated by the facts alleged in the Amended Complaint because Plaintiff's claims relate to actions taking place at the Harris County jail <u>after</u> Mr. Garcia's arrest. While the Fourth Amendment protects arrestees, once an arrest is complete, pretrial detainees are protected by the due process clause of Fourteenth Amendment. *Gutierrez v. City of San Antonio*, 139 F.3d 441, 452 (5th Cir. 1998). Therefore, Plaintiff cannot recover pursuant to §1983 for alleged violations of his Fourth Amendment rights and said claim against Harris County must be dismissed as a matter of law.

38.    **Fourteenth Amendment Claim-Equal Protection.** Plaintiff is alleging an Equal Protection Claim under the Fourteenth Amendment. "The Equal Protection Clause of the Fourteenth Amendment is essentially a mandate that all persons similarly situated must be treated alike." *Rolf v. City of San Antonio*, 77 F.3d 823, 828 (5th Cir. 1996). Therefore, "a party who wishes to make out an Equal Protection claim must prove 'the existence of

purposeful discrimination' motivating the [governmental] action which caused the complained-of injury." *Johnson v. Rodriguez*, 110 F.3d 299, 306 (5th Cir. 1997). Courts "conduct an equal protection inquiry <u>only</u> if the challenged government action classifies or distinguishes between two or more relevant groups." *Rolf*, 77 F.3d at 828. "[I]f the challenged government action does not appear to classify or distinguish between two or more relevant persons or groups, then the action—even if irrational—does not deny them equal protection of the laws." *Johnson*, 110 F.3d at 306 (internal quotation marks omitted). Here, Plaintiff has failed to allege any facts or make a recital of the elements of an Equal Protection claim. *See Wheeler v. Miller*, 168 F.3d 241, 252 (5th Cir. 1999); *United States v. Abou-Kassem*, 78 F.3d 161, 165 (5th Cir. 1996). In short, Plaintiff has failed to state an Equal Protection claim against Harris County upon which relief can be granted and such must be dismissed as a matter of law. *See Hale*, 642 F.3d at 499.

39.    **Fourteenth Amendment Claim–Due Process.** Plaintiff claims that Mr. Garcia's Fourteenth Amendment rights were violated when the County failed to protect Mr. Garcia. Because he was a pretrial detainee at the time he was assaulted, Plaintiff's failure-to-protect claim arises under the Due Process Clause of the Fourteenth Amendment. *Jacobs v. West Feliciana Sheriff's Dept*., 228 F.3d 388, 393 (5th Cir. 2000).

40.    A jail "official is deliberately indifferent if he or she <u>both</u> knows of an excessive risk of harm and disregards that risk."*Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003) (emphasis added). Thus, the jail official "must be aware of facts from which an inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). The Fifth Circuit has

declined to find deliberate indifference where an official "*should have* inferred a risk to an inmate because the official *must actually* draw such an inference." *Adames*, 331 F.3d at 514 (emphasis added).

41.     **Declaratory Judgment**.   Plaintiff seeks a declaratory judgment; yet pleads no factual basis for such relief. DE 58-1, p. 22, Prayer]  A request for declaratory relief must meet the pleading standards of Rule 8. *See Karnatcheva v. JPMorgan Chase Bank*, 704 F.3d 545, 547 (8th Cir. 2013); *see also Ashcroft*, 556 U.S. at 678 (naked assertions devoid of further factual enhancement do not satisfy the pleading requirements of Rule 8). Therefore, Plaintiff's request for a declaratory judgment should be denied and/or dismissed as a matter of law.

## II.     CONCLUSION

42.     There is no Fifth Amendment claim as a matter of law.

43.     There is no Fourth Amendment claim as a matter of law.

44.     There is no Fourteenth Amendment – Equal Protection claim because Plaintiff has pled no facts in support of it. There is no due process claim as well.

45.     There is no declaratory judgment claim because Plaintiff has not pled any facts to support it.

46.     The "facts" do not support *Monell* liability, and do not support these generalized allegations of failure to train or supervise or discipline. The facts do not support ratification either.

47.     For the reasons stated herein, Plaintiff has failed to state any claim upon which relief can be granted against Harris County.  Accordingly, Harris County is entitled to dismissal of Plaintiff's claims against the County as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Defendant HARRIS COUNTY requests that the Court grant its motion and enter an order dismissing all of Plaintiff's claims against Harris County with prejudice, award the County its costs and attorneys' fees and grant all other relief to which this defendant is entitled.

Date: January 29, 2025.

Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY

**JONATHAN G. C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST
ASSISTANT

**NATALIE G. DELUCA**
MANAGING COUNSEL,
DEFENSIVE LITIGATION, EMPLOYMENT, &
REAL ESTATE DIVISIONS

By:     */s/ Suzanne Bradley*
**SUZANNE BRADLEY**
Senior Assistant County Attorney
ATTORNEY-IN-CHARGE
State Bar No. 00793375
Fed. Bar No. 24567
Suzanne.Bradley@harriscountytx.gov

**VERONICA L. JONES**
Assistant County Attorney
ATTORNEY TO BE NOTICED

State Bar No. 24097902
Fed. Bar No. 3639763
Veronica.Jones@harriscountytx.gov

**OFFICE OF THE HARRIS COUNTY ATTORNEY**
1019 Congress
Houston, Texas 77002
Tel: (713) 274-5330 (direct)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that, on January 29, 2025, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this certificate is attached was filed with the clerk of the court using CM/ECF system, which will send electronic notification for those listed of record who receive electronically filed documents.

*/s/ Suzanne Bradley*
Suzanne Bradley