In the United States District Court
for the Southern District of Texas
Houston Division

| | |
|---|---|
| Adael Gonzalez Garcia,<br>*Plaintiff,*<br><br>*versus*<br><br>Harris County, Texas,<br>*Defendant.* | Civil Action No.<br>4:23-cv-542<br>(Jury Trial) |

Plaintiff's Reply in Support of his Motion to Amend

To the Honorable Christina A. Bryan:

Now comes Plaintiff Adael Gonzalez Garcia, providing this reply in support of his pending motion to amend.[1] It is unclear whether Defendant provided a response.[2] Plaintiff's position is that Defendant failed to respond to his motion to amend, and the Court may grant the motion as unopposed. However, if the Court considers Defendant's newly-filed "motion to dismiss" as a response to the pending motion to amend, he provides this reply. He does not, however, file this reply in lieu of a full response to the motion to dismiss. To that end, he respectfully shows the Court as follows:

---

[1] Doc. 58.

[2] *See* Doc. 64.

## Nature and Stage of the Proceeding

The current live complaint of this civil rights lawsuit was filed on November 14th, 2024.[3] On December 13th, 2024, Defendant moved for a protective order,[4] and although Plaintiff later responded[5] and the motion is set for a hearing,[6] the Court did enter a protective order that governs the litigation on December 16th, 2024.[7]

Alongside the protective order dispute, Defendant filed a motion to dismiss the live complaint on December 18th, 2024,[8] to which Plaintiff already timely responded on January 8th, 2025.[9] On the same day as his response, Plaintiff separately filed the present motion to amend.[10] Defendant could have timely responded on January 29th, 2025,[11] but instead filed another "motion to dismiss" that appears to treat Plaintiff's proposed amended complaint as the live complaint.[12] If that

---

[3] Doc. 48.

[4] Doc. 49.

[5] Doc. 55.

[6] Doc. 63.

[7] Docs. 50, 51.

[8] Doc. 53.

[9] Doc. 57.

[10] Doc. 58.

[11] *See* Doc. 58.

[12] Doc. 64.

"motion" is considered a response to the motion to amend, then Plaintiff timely replies on February 5th, 2025.

As Plaintiff understands the procedural posture, the Court could refuse to treat the new motion as a response and grant Plaintiff's motion to amend as unopposed. Doing so would moot the two most recent motions to dismiss, and Defendant would get yet another bite at the apple to file another motion to dismiss. He advocates for that position, as doing so would eliminate any confusion as to the two competing motions to dismiss, and the complaint would be bolstered by facts that address those motions.[13]

Alternatively, the Court could consider the more recent motion to dismiss as a response to the motion to amend, consider this reply, and make its decision on the merits, then separately decide the motion to dismiss issue.

### Argument in Reply

Taking Defendant's most recent motion to dismiss as a response to Plaintiff's motion to amend,[14] its arguments fall well short of refuting Plaintiff's demonstration that leave to amend should be "freely give[n]" here because "justice so requires."[15] The bulk of the argument is

---

[13] *See* Doc. 58-1.

[14] Docs. 64 & 58, respectively.

[15] *See* Fed. R. Civ. P. 15(a)(2). The sole point of agreement that Plaintiff has with Defendant's motion is that the proposed amended complaint, if leave is granted, should be the "Third Amended Complaint." Doc. 64 ¶ 1. Plaintiff would correct that error if granted leave.

couched as a motion to dismiss, and Plaintiff already responded to Defendant's original motion to dismiss, so the same reasoning applies here.[16] He will reserve further argument regarding the substantive motion-to-dismiss issues for his full response, should it become necessary.

There are, however, a few points that could be considered a more direct response to the motion to amend. First, Defendant claims that Plaintiff attached one of the videos the County produced to the complaint, and that the video was on YouTube.[17] Defendant clearly did not read the motion to amend or watch the attached video, because Plaintiff expressly noted that he "ha[d] not attached or referenced any of the County's IAD production as a result of the protective order specifically,"[18] the proposed amended complaint reflects as much, and the video exhibit was the separate investigative report done by KHOU referenced in the proposed complaint.[19] Pursuant to the current protective order, Plaintiff has not published or attached any of the IAD production.

Defendant also attacks the allegation that "falling off a bunk" is often used as an excuse by guards to cover injuries caused by excessive

---

[16] Doc. 57.

[17] Doc. 64 ¶¶ 4, 6.

[18] Doc. 58 p. 3.

[19] Doc. 58-1.

uses of force.[20] Notably, it voluntarily references the IAD videos in doing so. However, irrespective of Plaintiff's alleged fall off of a bunk, Plaintiff alleges that such a fall did not cause the injuries leading to his coma, hospitalization, and injuries, but that he was subject to excessive uses of force (namely strikes to his head) that caused those injuries, and the alleged fall from the bunk was used as an excuse to obfuscate the fact that his injuries were caused by those uses of force.[21]

Finally, Defendant argues that some of the facts alleged in the proposed complaint are not competent summary judgment evidence.[22] Not only is that argument entirely irrelevant at this stage, much of the information cited was already allowed into the *live* complaint, and thus is no reason to prevent the same information from being included in the *amended* complaint.[23] And to the extent that it argues against the investigative report that it didn't watch, the County's argument also falls flat because it fails entirely to address the fact that the report is evidenced primarily by *the County's own records and policies*, which Plaintiff would ask for and receive in discovery anyway.[24] By making that argument, it highlights the fact that discovery is needed in this case,

---

[20] Doc. 64 ¶ 5; Doc. 58-1 ¶ 7.

[21] Doc. 58-1 ¶¶ 7–8.

[22] Doc. 64 §§ C–E.

[23] Doc. 48; Doc. 64 §§ C–E.

[24] *See* https://www.youtube.com/watch?v=t4viAQcAp8k&t=2s.

and that Plaintiff will likely receive a large swath of information (to the tune of at least 810 incidences of head strikes)[25] that *is* admissible at summary judgment and at trial.

Once again, justice clearly requires amendment in this case, and Plaintiff will respond separately to the motion to dismiss if necessary.

## Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court grant him leave to amend his complaint.

Respectfully submitted,

*/s/Alexander C. Johnson*
Alexander C. Johnson
Kallinen Law PLLC
State Bar of Texas
 Bar No. 24123583
U.S. Southern District of Texas
 Federal ID No. 3679181
511 Broadway Street
Houston, Texas 77012
Telephone: 573.340.3316
Fax: 713.893.6737
Email: alex@acj.legal
**Attorney for Plaintiff**

*/s/Randall L. Kallinen*
Randall L. Kallinen
Kallinen Law PLLC
State Bar of Texas
 Bar No. 00790995
U.S. Southern District of Texas

---

[25] *See* https://www.youtube.com/watch?v=t4viAQcAp8k&t=2s.

Federal ID No. 19417
511 Broadway Street
Houston, Texas 77012
Telephone: 713.320.3785
Fax: 713.893.6737
Email: AttorneyKallinen@aol.com
**Attorney for Plaintiff**

### Certificate of Service

I certify that on February 5th, 2025, I have served a true and correct copy of the foregoing document that was delivered by the ECF in accordance with the Federal Rules of Civil Procedure to all ECF notice attorneys of record.

*/s/Alexander C. Johnson*
Alexander C. Johnson