UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ADAEL GONZALEZ GARCIA, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | Civil Action No.: 4:23-cv-00542 | |
| § | | |
| HARRIS COUNTY, TEXAS, § | | |
|     Defendant. § | | |

### HARRIS COUNTY'S REPLY IN SUPPORT OF MOTION TO DISMISS

Harris County files this reply to Plaintiff Adael Gonzalez Garcia's response to the county's motion to dismiss. The motion should be granted.

1. What plaintiff has done in his reply is point to the *Wagner* case, and rely on the pleadings and events in that case to support his. *Wagner et al. v. Harris County*, Cause No. 23-cv-02886, Southern District of Texas, Judge Keith P. Ellison.

2. It does not.

**A. This court has not blessed the plaintiff's case.**

3. First, the County disagrees that when the court granted the Plaintiff's the right to file his third (originally labeled "second") amended complaint, the court "necessarily found it sufficient." This extraordinary position is unsupported by any statement from the court, nor does the plaintiff cite to case law that supports this statement.

4. It should be disregarded as posturing.

**B. The new complaint is basically the same and still fails.**

5. Next, Plaintiff declares his new petition is not basically the same.

6. Except it is.

7. Plaintiff adds 10 paragraphs – all hearsay – as pointed out in the original motion to dismiss. After getting yet another chance to shore up his pleading, Plaintiff filed his "second" amended complaint and added only about 10 paragraphs related to a TV story on head strikes – along with a string of jail incidents that do not support his claims, *Monell* or decades of Supreme Court and Fifth Circuit law. See Defendant's prior reply addressing "examples" of *Monell*, DE 42, 42-1. What Plaintiff has done is gather a list of "**bad acts**" in many cases unrelated to the facts of his case, in violation of precedent. The Fifth Circuit has emphasized that a custom can be inferred only from a pattern displaying "**similarity and specificity**." *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 851 (5th Cir. 2009)(emphasis added); *Inaimi v. Harris Cnty., Tex.,* No. 4:21-CV-01832, 2022 WL 901556, at *2 (S.D. Tex. Mar. 25, 2022) (Ellison, J.). In other words, "[p]rior indications cannot simply be for any and all 'bad' or unwise acts, but rather must point to the specific violation in question." *Peterson,* 588 F.3d at 851 (quoting *Estate of Davis* ex rel. McCully v. City of N. Richland Hills, 406 F.3d 375, 383 (5th Cir. 2005)). Thus, "the prior acts [must] be fairly similar to what ultimately transpired." *Estate of Davis*, 406 F.3d at 383. A pattern also requires "sufficiently numerous prior incidents, as opposed to isolated instances." *Peterson,* 588 F.3d at 851; *Inaimi,* 2022 WL 901556, at *2.

8. This is a high bar. See, e.g., *Peterson*, 588 F.3d at 852 ("27 incidents of excessive force over a period of four years do not reflect a pattern that can be said to represent official policy of condoning excessive force so as to hold the City liable for the acts of its employees' unconstitutional conduct."); *Pineda v. City of Houston*, 291 F.3d 325, 329 (5th

Cir. 2002) (11 incidents did not support pattern of unconstitutional warrantless entry in the City of Houston which is "one of the Nation's largest cities and police forces").

9.  This new pleading does not help plaintiff as it relies on dissimilar and unrelated incidents in violations of decades of precedent.

**C.   TV show is hearsay and not evidence.**

10. To further emphasize the weakness of Plaintiff's case, he relies on a TV show that is hearsay and eventually will not support his case at the summary judgment stage. While it is true the caselaw relates to news articles from the internet and other media sources, TV stories are also mass media and are also hearsay. *Roberts v. City of Shreveport,* 397 F.3d 287, 295 (5th Cir.2005) (rejecting attempt to use newspapers articles to show a pattern of unconstitutional activity necessary to prove deliberate indifference); *see James v. Tex. Collin Cnty.,* 535 F.3d 365, 374 (5th Cir.2008) ("Newspaper articles, however, are not proper summary judgment evidence to prove the truth of the facts that they report because they are inadmissible hearsay."). Plaintiff argues a distinction without a difference. Plaintiff's reliance on this show is a house of cards that will eventually bow to the rules of evidence, and should not be allowed to halt the motion to dismiss.

**D.   "Obfuscation" claim is an irrelevant rabbit trail.**

11. Then Plaintiff accuses the county of "obfuscation" by pointing out that Mr. Garcia first fell off his bunk, was taken to be treated at the clinic and then got into a fight with guards. All of this is on the jail video. This is not obfuscation.

**E.   Plaintiff "promise of evidence" is lacking.**

12.     Plaintiff portends that he will eventually find "810" admissible head strikes based on the allegations in the hearsay TV show. Rather than tell the court and the county the enumerated "810" events – (no information is given on when these events occurred or what they are) – but defendant *promises* he will. Plaintiff's conviction that he will find support for his allegations – eventually – is not the pleading standard. Rule 8.

**F.      Laundry list of unrelated events does not help this pleading.**

13.     Plaintiff also postures that his complaint is 123 pages.

14.     Sadly, more is not more.

15.     These extra pages at the end of the complaint are a collections of random jail incidents: suicides, inmate-on-inmate violence, medical care complaints, an inmate who raped and officer, etc.[1] Some occur after Mr. Garcia's November 24, 2022 allegations and are therefore irrelevant. Harris County addressed the laundry list of incidents at DE 42, and 42-1 (chart analyzing incidents alleged in complaint). The chart shows very few of the listed incidents relate in kind to Mr. Garcia's allegations. This is what *Wagner* has wrong; this is what *Peterson* did not support. One incident, the *Wynn* case was dismissed by Judge Ellison; the same opposing counsel is in *Wynn*. Yet it is included to support this case when the court (same court as in *Wagner*) found it lacked merit.

**G.      *Wagner* is not the standard but an outlier.**

---

[1] For context this public website that the court can take judicial notice of shows the fluctuating, large prison populations in Harris County across many years, and on a monthly basis. https://charts.hctx.net; Jail Pop History - Jail Population

16.     Reliance on *Wagner* is misplaced. First, the only case before this court is *Garcia*. Not *Wagner*. And again, other lawsuits are not proof. And respectfully, the *Wagner* decision on the motions to dismiss is wrong. It contradicts decades of law on pattern and practice, as shown above. *Wagner* has 32 plaintiffs based on 27 injured individuals. Seventeen of the 32 are different family members of the individual inmates. Fifteen are current or former jail inmates; each inmate is alleging wholly separate events unique to each of the 15. Lumping all these incidents together violated decades of precednt.

17.     Critically, no two incidents occurred on the same day or in the same way. Nor are there any allegations that the incidents involved the same officers, medical personnel, or detainees. The alleged incidents also occurred at different locations within the Harris County Jail and even at different addresses. *Some* of the incidents occurred at 1200 Baker, while others occurred at 701 N. San Jacinto. *Some* of the incidents involve allegations of officer force; **some** involve allegations of altercations with other detainees; **some** involve allegations of inadequate medical care; and *one* involves suicide. But even within these categories, the facts of each incident differ significantly and are wholly separate incidents with their own unique facts. The only "common" link is they have been gathered together in the *Wagner* lawsuit.

18.     Plaintiff further postures that the county has ignored its allegations related to "chronic understaffing and underfunding". It is not clear how the fight with three guards and Mr. Garcia's injuries stem from chronic understaffing and underfunding. Regardless,

5

plaintiff is trying to bootstrap himself to unrelated cases and issues. His case is only against the County; this is a rabbit trail for the plaintiff; and this is the very thing *Peterson* forbids.[2]

**H.   Ratification has not been properly pled.**

19.   Plaintiff again wrongly relies on *Wagner* for its ratification claim. Response, DE 69, p. 11. The Fifth Circuit has held that, "if the authorized policymakers approve a subordinate's decision and the basis for it, their ratification would be chargeable to the municipality because their decision is final." *Peterson v. City of Fort Worth*, 588 F.3d 838, 849 (5th Cir. 2009) (quoting *St. Louis v. Praprotnik*, 485 U.S. 112, 127, 108 S.Ct. 915, 99 L.Ed.2d 107, (1988)). "[A] policymaker who defends conduct that is later shown to be unlawful does not necessarily incur liability on behalf of the municipality." *Id.* at 849 (citing *Coon v. Ledbetter*, 780 F.2d 1158, 1161-62 (5th Cir. 1986)). And "good faith statements made while defending complaints of constitutional violations by municipal employees do not demonstrate ratification." *Id.* (citing *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 169 (5th Cir. 2010)).  Here, two detention officers were indicted for injuring Mr. Garcia.  While Sheriff Gonzalez made statements on the TV show, he did not ratify the

---

[2] "Alleging a string of unrelated incidents involving different types of police acts in disparate contexts does not address this deficiency because the alleged incidents do not show a relevant 'pattern.' As the City points out in its motion to dismiss, '[a] pattern requires similarity and specificity; prior indications cannot simply be for any and all 'bad' or unwise acts, but rather must point to the specific violation in question.' *Vouchides v. Houston Cmty. Coll. Sys.*, 2011 WL 4592057, at *12 (S.D. Tex. Sept. 30, 2011) (quoting *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 845 (5th Cir. 2009)). Vardeman has provided a list of alleged bad acts, but he has not alleged or shown that the bad acts he cites have any connection to his altercation with an airport employee. He has not pleaded a cognizable § 1983 claim against the City of Houston, and the City's motion to dismiss the § 1983 claims is granted." See *Vardeman v. City of Houston*, No. CV H-20-3242, 2021 WL 1701009, at *3 (S.D. Tex. Apr. 29, 2021)

conduct of these two officers. They have been indicted by the grand jury, which as this court knows, was the reason for the delayed release of the jail video. See also, *Lance v. City of San Antonio*, 718 F. Supp. 3d 622, 650 (W.D. Tex. 2024).

## Conclusion

All plaintiff has done is point to a lawsuit that is, respectfully, wrong on decades of the law. He has not shown pattern and practice. He has not shown ratification. He has littered his complaint with unrelated incidents in a failed attempt to shore up his case. It should be dismissed with prejudice.

Date: March 27, 2025.

Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY

**JONATHAN G. C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST ASSISTANT

**NATALIE G. DELUCA**
MANAGING COUNSEL,
DEFENSIVE LITIGATION, EMPLOYMENT, &
REAL ESTATE DIVISIONS

By:   */s/ Suzanne Bradley*
**SUZANNE BRADLEY**
Senior Assistant County Attorney
ATTORNEY-IN-CHARGE
State Bar No. 00793375
Fed. Bar No. 24567
Suzanne.Bradley@harriscountytx.gov

                **VERONICA L. JONES**
                Assistant County Attorney
                ATTORNEY TO BE NOTICED
                State Bar No. 24097902
                Fed. Bar No. 3639763
                Veronica.Jones@harriscountytx.gov

                **OFFICE OF THE HARRIS COUNTY ATTORNEY**
                1019 Congress
                Houston, Texas 77002
                Tel: (713) 274-5330 (direct)

                **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

     I certify that, on March 27, 2025, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this certificate is attached was filed with the clerk of the court using CM/ECF system, which will send electronic notification for those listed of record who receive electronically filed documents.

                */s/ Suzanne Bradley*
                Suzanne Bradley